# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AMIR BRANDY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:18-cv-01674-SEP |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are the City of St. Louis's Motion for Summary Judgment as to Counts III and VI on the basis of sovereign immunity, Docs. [115], [117] at 8-10, and the City of St. Louis's Motion to Dismiss or Stay Crossclaim, Docs. [130], [131]. For the reasons set forth below, the Court grants the former and denies the latter without prejudice to refiling.

### BACKGROUND[1]

The United States Court of Appeals for the Eighth Circuit recently remanded this case for further proceedings after an interlocutory appeal of the denial of Defendants' motion for summary judgment based on qualified immunity and official immunity. *See Brandy v. City of St. Louis*, 75 F.4th 908 (8th Cir. 2023). The Eighth Circuit affirmed the Court's rulings on qualified immunity and official immunity but rejected its reservation of a sovereign immunity argument until after trial, remanding "with instructions for the district court to reach the merits of the sovereign immunity issue on the state law claims." *Id.* at 918. That issue was fully briefed by the parties prior to the interlocutory appeal, and it is ripe for disposition. *See* Docs. [115], [117], [125], [133].

Also before the interlocutory appeal, the City of St. Louis, as Crossclaim-Defendant, filed a Motion to Dismiss or Stay Crossclaim, Doc. [130], [131], which Crossclaimant Olsten opposed, Doc. [134]. That motion remained pending during the interlocutory appeal.

---

[1] The factual background of the case is laid out in this Court's May 20, 2022, Order, Doc. [139] at 1-5, and the Eighth Circuit's opinion, Doc. [146]. The Court will not rehearse the facts here.

**DISCUSSION**

**I.     The City is entitled to summary judgment on Counts III and VI.**

The parties' dispute over sovereign immunity[2] hinges on whether the Public Facilities Protection Corporation (PFPC) qualifies as a "self-insurance plan duly adopted by the governing body" of the City of St. Louis and thus waives the City's sovereign immunity vis-à-vis Plaintiff's state law claims. Mo. Rev. Stat. § 537.610.1. *See* Doc. [117] at 8-10; Doc. [125] at 25-28; Doc. [133] at 12. This Court has analyzed that issue at length in another matter and will not recreate that analysis here. *See Washington v. St. Louis*, 596 F.Supp.3d 1204, 1217-23 (E.D. Mo. 2022). As a federal court applying a Missouri state statute, the Court regards the Missouri Court of Appeals's holding in *Hendrix v. City of St. Louis*, 636 S.W.3d 889, 900 (Mo. Ct. App. 2021), as "the best evidence of state law" on the issue. *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189, 1196 (8th Cir. 1992); *see also Langford v. City of St. Louis*, 3 F.4th 1054, 1059 (8th Cir. 2021) (finding a state appeals court decision to be "the best indication available of Missouri law"). Although some time has passed since the Court's last consideration of this issue, *Hendrix* appears to still be the most authoritative state court treatment of this issue. In fact, the Eighth Circuit has relied on *Hendrix* in analyzing the same issue. *See Torres v. City of St. Louis*, 39 F.4th 494, 510 (8th Cir. 2022); *see also Clark v. City of St. Louis*, 2022 WL 4598533, at *10 (E.D. Mo. Sept. 30, 2022) (citations omitted) ("Plaintiffs' allegation that The City has waived any defense of sovereign immunity by having insurance and/or adopting self-insurance to satisfy all or part of a possible judgment in this action has been specifically rejected by *Torres* and *Hendrix v. City of St. Louis*.").

"The plaintiff shoulders the burden of proving the existence of an insurance policy and that the terms of the policy cover the plaintiff's claim." *Hendrix*, 636 S.W.3d at 900 (quoting *A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 635 (Mo. Ct. App. 2016)) (citing *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 415 (Mo. Ct. App. 2008)); *Brennan By & Through Brennan v. Curators of the Univ. of Mo.*, 942 S.W.2d 432, 436-37 (Mo. Ct. App. 1997)). Where, as here, a defendant invokes sovereign immunity on summary judgment, a plaintiff must at least

---

[2] The term "sovereign immunity" in this context refers to a "statutorily provided immunity," not the "immunity inherent to sovereigns that we usually discuss in the Eleventh Amendment context." *Torres v. City of St. Louis*, 39 F.4th 494, 508 n.9 (8th Cir. 2022) (quoting *Davis v. Buchanan Cnty.*, 5 F.4th 907, 909 n.1 (8th Cir. 2021)).

2

demonstrate that there is a genuine dispute of material fact as to whether the City has waived its sovereign immunity in order to defeat summary judgment. *See, e.g.*, *Torres*, 39 F.4th at 509. The plaintiffs in *Washington*, *Hendrix*, and *Torres* failed to meet that burden with respect to the PFPC, and Plaintiff in this case fares no better. *See* Doc. [122] ¶¶ 123-140 (citing no evidence of an insurance policy or an ordinance adopting a self-insurance plan covering Plaintiff's claim); *Torres*, 39 F.4th at 509 (plaintiffs produced no evidence of "an insurance policy or ordinance that purports to adopt a plan of self-insurance providing coverage for [Plaintiffs'] claims,"); *Hendrix*, 636 S.W.3d at 901 (plaintiff did not provide "any evidence . . . showing that the City does have insurance covering her specific claim"). Therefore, the Court draws the same conclusion as the Eighth Circuit in *Torres* and the Missouri Court of Appeals in *Hendrix*: Because Plaintiff has not demonstrated that there is a genuine dispute of material fact as to whether the City waived sovereign immunity, the City is entitled to summary judgment on Plaintiff's state law claims.

II. **The City of St. Louis's Motion to Dismiss or Stay Olsten's Crossclaim is denied without prejudice to refiling.**

On February 11, 2022, Crossclaim-Defendant City of St. Louis moved that the Court dismiss or stay Crossclaimant Olsten's crossclaim seeking indemnification from the City pursuant to Mo. Rev. Stat. § 590.502. The principal basis cited for that relief was the filing of a state court lawsuit challenging the statute. *See* Doc. [131]. The Motion to Dismiss or Stay Crossclaim remained pending for the duration of the interlocutory appeal. This Court did not recover jurisdiction of the matter until the mandate was issued on September 20, 2023—nearly 20 months after the motion was filed. Because the status of the legal challenge to Mo. Rev. Stat. § 590.502—and the relationship between Crossclaimant and Crossclaim-Defendant, for that matter—may have substantially changed in the nearly 20 months since the filing of the motion, the Court will deny it without prejudice to refiling if Crossclaim-Defendant still believes the requested relief is warranted. If the City renews its motion to dismiss or stay, both the City and Crossclaimant Olsten will have the opportunity to update their positions in light of changed circumstances.

**IT IS HEREBY ORDERED** that the City of St. Louis's Motion for Summary Judgment, Doc. [115], is **GRANTED in part** as to Counts III and VI against Defendant City of St. Louis.

**IT IS FURTHER ORDERED** that partial judgment is entered in favor of the City of St. Louis on Counts III and VI of the Complaint.  A separate Order of Partial Judgment will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the City of St. Louis's Motion to Dismiss or Stay Crossclaim, Doc. [130], is **DENIED without prejudice to refiling**.  The City will have **fourteen (14) days from the date of this Order** to file any renewed motion to dismiss or stay, and Crossclaimant Olsten will have **ten (10) days thereafter** to respond.  No reply shall be filed without leave of the Court.

**IT IS FINALLY ORDERED** that a status conference shall be held in this matter on October 31, 2023, at 1:00 p.m. in Courtroom 16N.  The parties are to meet and confer and jointly submit to the Court an agenda for the status conference no later than October 24, 2023.

A separate Order of Partial Judgment accompanies this Memorandum and Order.

Dated this 25th day of September, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4